IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| KINNEDY JACKSON | § | |
| v. | § | CIVIL ACTION NO. 2:07cv168 |
| JUSTIN CLARK, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Kinnedy Jackson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jackson complains of an incident which occurred on April 28, 2005, involving a confrontation between himself and a Marshall Police Department officer named Justin Clark. As a result of this incident, Jackson was charged with assault on a public servant, resisting arrest, retaliation, and being a felon in possession of a firearm. He sued two police officers, Justin Clark and Scott Beck; police sergeant McCain, district attorney Joe Black, and his defense counsel, Vernard Solomon. Jackson pleaded guilty to the offense of assault against a public servant, receiving a sentence of three years in prison.

For relief in his lawsuit, Jackson asks that he be pardoned or that his name be cleared from any wrongdoing. He asks to be compensated for lost wages for the job he lost due to being incarcerated, and says that he is seeking compensation for one million dollars due to being incarcerated for 26 months on a wrongful conviction.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that in *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), the Supreme Court stated that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. *Heck*, 114 S.Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).

Under *Heck*, the maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). In this case, Jackson was convicted of assault on a public servant. The Magistrate Judge concluded that Jackson's allegations, if proven, would clearly call the validity of this conviction into question, inasmuch as Jackson asserts that he never engaged in assaultive conduct.

Consequently, the Magistrate Judge said, in order to obtain the damage award which he seeks, Jackson must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. *Heck*, 114 S.Ct. at 2372. He has not made such a showing. The on-line records of the Texas Court of Criminal Appeals shows that Jackson filed an application for the writ of habeas corpus in state court, which was denied without written order on the findings of the trial court without a hearing on July 25, 2007. *Ex Parte Jackson*, docket no. WR-67,897-01 (available online at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=252999). He has not filed a federal habeas corpus petition in the Eastern District of Texas, and his pleadings make clear that his conviction has not been reversed or otherwise overturned. Until Jackson makes such a showing, he cannot obtain damages for his claim, which clearly calls the validity of his conviction into question.

The Magistrate Judge also stated that Jackson cannot obtain the other relief he seeks, which is the "clearing of his name from any wrongdoing," through the vehicle of a civil rights lawsuit under Section 1983. This in effect is a request to set aside his conviction, which is relief that can only be granted, in federal court, through habeas corpus proceedings. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). Because all of Jackson's claims implicate the legality of his confinement, whether directly or indirectly, he must seek relief through the writ of habeas corpus first, before he pursues his claim as a civil rights lawsuit. *Hernandez v. Spencer*, 780 F.2d 504, 506 (5th Cir. 1986). The Magistrate Judge concluded that until Jackson meets the *Heck* prerequisites by showing that his conviction has been overturned, expunged by executive order, held invalid in a state collateral proceeding, or called into question by a federal court's issuance of a writ of habeas corpus, this lawsuit cannot proceed, but must be dismissed without prejudice until such time as the Heck preconditions are met. *See Clarke v. Stalder*, 154 F.3d 186, 188 (5th Cir. 1998); *Price v. City of San Antonio*, 431 F.3d 890, 895 (5th Cir. 2005).

A copy of the Magistrate Judge's Report was sent to Jackson at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Reports of the Magistrate Judge are correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice, subject to Jackson's showing that the conviction has been overturned, expunged by executive

3

order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. *See Price v. City of San Antonio*, 431 F.3d at 895. The dismissal of this lawsuit shall not prevent Jackson from challenging his conviction through any lawful means, in state or federal court, nor from refiling this lawsuit in the event that the *Heck* pre-conditions are met. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 2nd day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE